UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VERSTIGSTE GROSSE BLEICHEN SCH     :
                                   :
                Plaintiff,         :
                                   :          07 CV 11385 (BSJ)
     - against -                   :          ECF CASE
                                   :
A.C. OERSSLEFF'S EFTF A/S          :
                                   :
                Defendant.         :
-----------------------------------------------------------X



## VERIFIED AMENDED COMPLAINT

Plaintiff, VERSTIGSTE GROSSE BLEICHEN SCH ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Amended Complaint against the Defendant, A.C. OERSSLEFF'S EFTF A/S, ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Germany and was the Owner of the M/V JONAS ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Holte, Denmark, and was the Time Charterer of the Vessel.

4. Pursuant to the terms of an Amended NYPE Charter Party form dated January 24, 2002, the Plaintiff chartered the Vessel, through its broker, Peter Dohle Schiffahrts KG, to the Defendant for a period of twelve months, with world wide trading limits, "where vessels of

similar size and characteristics may lay and trade afloat or naabsa [not always afloat but safely aground]."

5. During the course of the Charter, the Master was ordered to proceed to a specific pier at Montserrat to commence cargo operations.

6. The depth of the water where the Defendant ordered the Vessel to proceed was inadequate for the Vessel to remain safely afloat or safely aground.

7. As a result of the Charterer's orders in selecting an insufficient pier for the Vessel, the Vessel grounded.

8. The Defendant's orders that instructed the Vessel to proceed as instructed resulted in the Vessel not being able to lay and trade afloat or safely aground as required by Clause 32 of the Charter Party.

10. The Defendant breached the Charter Party as described above have resulted in significant charges to the Plaintiff which are the responsibility of the Charterer.

11. Such charges to the Plaintiff that are a direct result of the Defendant's breach of the charter party include salvage costs, port charges, general average, repair fees, survey costs, loss of hire and other miscellaneous charges.

12. The Plaintiff has sustained damages in the total principal amount of US$1,237,826.58 (Euro 859,965.14) exclusive of interest, arbitration costs and attorney's fees.

13. The charter party provides that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

14. Plaintiff will soon commence arbitration in London pursuant to the charter party.

15. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $1,237,826.58 |
| B. | Estimated interest on claims: 3 years at 6.5%, compounded quarterly | $264,161.51 |
| C. | Estimated fees and costs: | $150,000.00 |
| **Total** | | **$1,651,988.15** |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $1,651,988.15.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $1,651,988.15 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: February 12, 2008
New York, NY

The Plaintiff,
VERSTIGSTE GROSSE BLEICHEN SCH

By: *(signature)*
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)

TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    February 12, 2008
          New York, NY

_____
Claurisse Campanale-Orozco